AO 91 (Rev. 11/11)  Criminal Complaint

| | | |
|---|---|---|
| AUSA: Turkelson | Telephone: (810) 766-5177 |
| Special Agent: Campbell, DEA | Telephone: (810) 768-7600 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Rodney Darnell Porter,

Case: 4:23-mj-30417
Judge: Ivy, Curtis
Filed: 10-17-2023

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 16, 2023__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
**Please see affidavit**

☑ Continued on the attached sheet.

_Complainant's signature_

Jeffrey Campbell, Special Agent, DEA
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: 10/17/2023

_Judge's signature_

City and state: Flint, MI

Hon. Curtis Ivy, Jr., United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Jeffrey A. Campbell, being duly sworn, depose and state the following:

## *Introduction and Agent Background*

1. I am a Special Agent [hereafter "SA"] with the Drug Enforcement Administration [hereafter "DEA"] assigned to the Detroit Field Division, Flint Resident Office, which is located in Genesee County, Eastern District of Michigan. As such, I am a Federal law enforcement officer within the meaning of Federal Rule of Criminal Rule 41(a)(2)(c), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for federal criminal offenses and make requests for warrants. I have been so employed since September 2008, during which time I have specialized in numerous complex investigations involving drug trafficking and money laundering. I have received specialized training on the subject of drug trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. I have additional history within the law enforcement profession as I was employed by the City of Wixom, Michigan Police Department for

1

approximately 6 years.  In addition to training received from the DEA, I have been trained by the United States Attorney's Office, Michigan Police Corps Police Academy, Oakland County, Michigan Police Academy and the Michigan State Police Academy, Lansing Michigan.  I am presently involved in investigating covert and overt drug trafficking and am working in conjunction with other federal and local police agencies investigating illegal trafficking of controlled substances and the collection and trafficking of related drug proceeds throughout the United States of America and abroad.  During my employment with DEA, I have received specialized training in and instruction on the subject of drug trafficking from the DEA. I have also participated in numerous confidential source debriefings, defendant interviews, and witness interviews regarding the illegal manufacturing, distribution, and consumption of illegal drugs.  I have also participated in numerous investigations involving the manufacturing, transportation, and/or distribution of controlled substances.  Furthermore, I have worked in conjunction with other federal and local law enforcement agencies investigating illegal trafficking of controlled substances.  Through the combined training and experience I have received as a DEA agent I have become familiar with how drug traffickers distribute drugs and how drug traffickers use cellular phones to conduct their business.

2. I make this affidavit from my personal knowledge based on my participation in this investigation, my review of reports and other materials prepared by those who have personal knowledge of the events and circumstances described herein and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3. Based on the facts below, I have probable cause to believe that on October 16, 2023, Rodney Darnell Porter knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm.

### *Probable Cause*

4. On October 16, 2023, Investigators of the DEA Flint Resident Office (RO) initiated a "buy-walk" operation of approximately 41 grams of Fentanyl from Melvin Robert Mosley, utilizing a DEA Confidential Source (CS).

5. The operation was initiated when I established unobstructed surveillance on Mosley's residence at 1409 Beaver Avenue, Flint at which time I observed Mosley's vehicle parked part-way up the driveway for the home. The CS was then directed by investigators to place a call to Mosley to request a quantity of fentanyl from Mosley. Mosley was anticipating the call from the CS as a previous "buy-walk" operation took place on September 27, 2023 during

3

which the CS purchased approximately 51 grams of fentanyl from Mosley at his home. Mosley was receptive to the CS's request and called the CS back approximately one hour later and directed the CS to his residence for the purchase, stating he should have the drug ready by the time the CS arrived.

6. After that conversation took place, I observed a black SUV arrive and park along the northbound curb of Beaver Avenue, directly in front of Mosley's residence. A black male, subsequently identified as Rodney Darnell Porter, then exited that vehicle and entered Mosley's residence carrying an unknown white item. While Porter and Mosley were in the home, the CS arrived and parked in the driveway of the home. I then observed Porter exit the home, followed by Mosley who entered the CS's vehicle as Porter walked to and opened the rear driver's door of his vehicle, placed an item inside and returned back inside of the home, passing by the CS's vehicle. A short time later Mosley exited the CS's vehicle and reentered the home after selling the CS 41 grams of Fentanyl for $2,700.00 in pre-recorded buy money.

7. After the CS departed, I maintained surveillance and observed Mosley and Porter depart in Mosley's vehicle. A traffic stop of that vehicle led to the detention of both individuals who were transported back to the home while a previously authorized search warrant for the home was being executed.

8. As a search of the structure concluded officers advised Porter of his Miranda Rights. Porter waived his rights and agreed to speak with investigators stating he was simply at the home to visit Mosley. When later asked how he happened to be at Mosley's residence at that particular time he stated he got off work and decided to bring them some donuts and then chose to hang out. When asked what Porter thought about the odd meeting Mosley had in his driveway with an arriving vehicle (the CS), Porter stated he did not see that vehicle, despite walking out of the house with Mosley and then walking past the vehicle twice. Porter was asked if he was a drug source to Mosley and he laughed at the comment. The focus then turned to Porter's vehicle which was searched for evidence associated with drug trafficking. A search of the vehicle located a Jimenez Arms, Inc., Model J.A. Nine handgun bearing serial number 421180 in a stock void of an armrest in the backseat of the vehicle. Upon securing the weapon it was found to have one round in the chamber and eight rounds in the inserted magazine. Porter was confronted with the discovery and he stated the firearm was his and admitted he is a convicted felon and was recently released following 25 years in prison for 2nd degree murder. Porter added that when he returned to his vehicle, as I observed when the CS was meeting with Mosley, he did so in order to secure the weapon where it was located, as he felt he no longer needed to carry it on his person.

9. A query of MI registration plate EFV1054 returned to Rodney Porter of 902 Brookhollow Court, #2E, Flint and a 2010 Mercedes Benz, Model GLK and VIN #: WDCGG8HB7AF319029.

10. Investigators were previously aware of Porter following an intelligence debriefing of a separate Confidential Source, CS-2 in June, 2023. During that debriefing, CS-2 advised that he/she observed an older black male with a white beard driving a black Mercedes Benz SUV bearing Michigan registration EFV1054 deliver approximately 9 ounces of cocaine to Mosley, at 1409 Beaver Avenue, Flint, Michigan. CS-2 advised that this individual had the cocaine concealed under the hood of the vehicle in a hidden compartment. SA Daly then conducted a query of a law enforcement database for Michigan registration EFV1054 and discovered that this registration returned to a 2010 Mercedes Benz GLK to Rodney Porter (DOB: 06/23/1965) at 902 Brookhollow Court Apt. #2E, Flint, Michigan. A photograph of Porter's state of Michigan driver's license was shown to CS-2 who confirmed it was the same individual that they observed deliver 9 ounces of cocaine to Mosley.

11. A review of Porter's criminal history reflects (1) 1983 Felony conviction through the City of Flint Police Department for Aggravated Assault/6 months confinement; (2) 1983 Felony conviction through the City of Flint Police Department for homicide/murder/2nd degree/20 to 40 years imprisonment; (3)

6

1991 Felony conviction for Prisoners Processing Contraband/1 year imprisonment.

### *Conclusion*

12. Based upon the facts stated above, there is probable cause to believe that on October 16, 2023, in the Eastern District of Michigan, Rodney Porter knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm.

```
_____
Jeffrey A. Campbell
Special Agent
Drug Enforcement Administration
```

Sworn to before me and signed in my presence and/or by reliable electronic means on this 17th day of October, 2023.

_____
Hon. Curtis Ivy, Jr.
United States Magistrate Judge